# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHRYN SACK<br>111 David Terrace<br>Charlottesville, VA  22903,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC  20301,<br><br>    Defendant. | Civil Action No. 1:12-cv-01754 (RLW) |

Plaintiff Kathryn Sack brings this action against Defendant Department of Defense pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Kathryn Sack ("Sack") is a U.S. citizen and is a resident of the Commonwealth of Virginia.

4. Sack is a Ph.D. student at the University of Virginia working on her dissertation on polygraph bias. The Director of Graduate Studies for the Department of Politics has

authorized her to file FOIA requests as a representative of that institution. She is therefore considered a representative of an educational or noncommercial scientific institution whose purpose is scholarly or scientific research within the meaning of 5 U.S.C. § 552(a)(4)(A).

5. Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

6. The Defense Intelligence Agency ("DIA"), National Security Agency ("NSA"), and Office of the Secretary of Defense and Joint Staff ("OSD") are DOD components.

## FIRST CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0192-2011)

7. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

8. On 14 February 2011 Sack submitted to DIA a FOIA request for records maintained by the DIA Office of Security pertaining to polygraph bias and the limitations of polygraph examinations ("the DIA Bias request").

9. On 22 February 2011 DIA acknowledged receipt of this request and assigned it Request No. 0192-2011.

10. As of this writing, DIA has not issued a final determination for this request.

11. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

12. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.


**SECOND CAUSE OF ACTION**

**(DIA – CONSTRUCTIVE RECORDS DENIAL – 0193-2011)**

13. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

14. On 14 February 2011 Sack submitted to DIA a FOIA request for records maintained by the DIA Office of Security representing aggregate data of polygraph examinations ("the DIA Aggregate Data request").

15. On 22 February 2011 DIA acknowledged receipt of this request and assigned it Request No. 0193-2011.

16. As of this writing, DIA has not issued a final determination for this request.

17. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

18. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

**THIRD CAUSE OF ACTION**

**(DIA – CONSTRUCTIVE RECORDS DENIAL – 0194-2011)**

19. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

20. On 14 February 2011 Sack submitted to DIA a FOIA request for records pertaining to equal employment opportunity rules and polygraphs ("the DIA EEO request").

21. On 22 February 2011 DIA acknowledged receipt of this request and assigned it Request No. 0194-2011.

22. As of this writing, DIA has not issued a final determination for this request.

23. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

24. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## FOURTH CAUSE OF ACTION

### (NSA – RECORDS DENIAL – 64009)

25. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

26. On 14 February 2011 Sack submitted to NSA a FOIA request substantively comparable to the DIA Bias request. This request included a request for classification as a representative of an educational institution and for a public interest fee waiver.

27. On 10 March 2011 NSA acknowledged receipt of this request and assigned it Request No. 64009. NSA stated that it was unable to locate any responsive records.

28. On 12 May 2011 Sack appealed the adequacy of NSA's search.

29. As of this writing, NSA has not issued a final determination for this appeal.

30. As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

31. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by NSA of said right.

## FIFTH CAUSE OF ACTION

### (NSA – CONSTRUCTIVE RECORDS DENIAL – 64011)

32. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

33. On 14 February 2011 Sack submitted to NSA a FOIA request substantively comparable to the DIA Aggregate Data request. This request included a request for classification as a representative of an educational institution and for a public interest fee waiver.

34. On 10 March 2011 NSA acknowledged receipt of this request and assigned it Request No. 64011.

35. As of this writing, NSA has not issued a final determination for this request.

36. As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

37. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by NSA of said right.

## SIXTH CAUSE OF ACTION

## (NSA – CONSTRUCTIVE RECORDS DENIAL – 64010)

38. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

39. On 14 February 2011 Sack submitted to NSA a FOIA request substantively comparable to the DIA EEO request. This request included a request for classification as a representative of an educational institution and for a public interest fee waiver.

40. On 10 March 2011 NSA acknowledged receipt of this request and assigned it Request No. 64010.

41. As of this writing, NSA has not issued a final determination for this request.

42. As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

43. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by NSA of said right.

## SEVENTH CAUSE OF ACTION

### (NSA – EDUCATIONAL FEE DENIAL – 64009, 64010, 64011)

44. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

45. On 10 March 2011 NSA denied all three of Sack's requests for classification as a representative of an educational institution.  On 12 May 2011 Sack appealed these denials with respect to Request Nos. 64010 and 64011 (because Request No. 64009 had been closed with a "no records" response, an appeal of the fee category was moot at the time).

46. As of this writing, NSA has not issued final determinations for these appeals.

47. As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

48. Sack has a legal right under FOIA to be classified as a representative of an educational institution, and there is no legal basis for the denial by NSA of said right.

## EIGHTH CAUSE OF ACTION

### (NSA – FEE WAIVER DENIAL – 64009, 64010, 64011)

49. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

50. On 10 March 2011 NSA denied all three of Sack's requests for public interest fee waivers.  On 12 May 2011 Sack appealed these denials with respect to Request Nos. 64010 and 64011 (because Request No. 64009 had been closed with a "no records" response, an appeal of the fee waiver denial was moot at the time).

51. As of this writing, NSA has not issued a final determination for these appeals.

52. As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

53. Sack has a legal right under FOIA to receive public interest fee waivers, and there is no legal basis for the denial by NSA of said right.

## NINTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – 0069-2010)

54. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

55. On 23 October 2009 Sack submitted to DIA a FOIA request for Department of Defense Polygraph Institute ("DoDPI") and Defense Academy of Credibility Assessment ("DACA") records about polygraphers and polygraph examinations.

56. On 18 December 2009 DIA acknowledged receipt of this request and assigned it Request No. 0069-2010.

57. As of this writing, DIA has not issued a final determination for this request.

58. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

59. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## TENTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)

60. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

61. On 21 November 2010 Sack submitted to DIA by email a FOIA request for DoDPI, DACA, and National Center for Credibility Assessment ("NCCA") records about polygrapher demographics.

62. On 22 November 2010, Steve W., a DIA representative, replied to Sack's email and requested a mailing address, which she provided.

63. Other than Steve W.'s initial email, DIA has not provided Sack with an acknowledgement of this request. DIA has not responded to multiple requests for the request number it assigned to this request.

64. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

65. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## ELEVENTH CAUSE OF ACTION

## (DOD – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 2)

66. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

67. On 5 July 2011 Sack submitted to the Office of Personnel Management Federal Investigative Services Division ("FIS") a FOIA request for records about polygraphers and polygraph examinations. At the request of an FIS representative, Sack elected on 11 July 2011 to tentatively limit the scope of this request to records about NSA as a test to determine what types of responsive records might exist.

68. On 18 August 2011 FIS acknowledged receipt of this request and assigned it Request No. 2011-15980. FIS stated that it was unable to locate any responsive records about

NSA. On 16 September 2011 Sack redefined the scope of the request to records about the Drug Enforcement Agency ("DEA") as another test.

69. On 14 October 2011 FIS released records about DEA to Sack under the new Request No. 2011-20612. FIS also informed Sack that information had been referred to DOD for direct response to her.

70. As of this writing, DOD has not provided Sack with an acknowledgement of this referred request.

71. As twenty working days have elapsed without a substantive determination by DOD, Sack has exhausted all required administrative remedies.

72. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOD of said right.

## TWELFTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0059-2012)

73. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

74. On 14 October 2011 Sack submitted to FIS a FOIA request for records pertaining to periodic reviews of federal agencies' polygraph programs.

75. On 16 November 2011 FIS acknowledged receipt of this request and assigned it Request No. 2012-00881. FIS released some records and informed Sack that some records had been referred to DIA for direct response to Sack.

76. On 14 February 2012 FIS informed Sack that DIA had assigned the referred records Request No. 0059-2012. As of this writing, DIA has not provided Sack with an acknowledgement of this referred request.

77. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

78. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## THIRTEENTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0135-2011)

79. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

80. On 23 December 2010 Sack submitted to DIA a FOIA request for all correspondence between DIA employees or contractors and Sheila Reed, a well-known polygraph researcher, since 2002.

81. On 5 January 2011 DIA acknowledged receipt of this request and assigned it Request No. 0135-2011.

82. As of this writing, DIA has not issued a final determination for this request.

83. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

84. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kathryn Sack prays that this Court:

(1) Order the Department of Defense to classify Sack as a representative of an educational institution;

(2) Order DOD to grant Sack's requests for public interest fee waiver;

(3) Order DOD to provide all responsive records to Sack as soon as practicable;

(4) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(5) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 552a(g)(2)(A), 28 U.S.C. § 2412(d), or any other applicable law;

(6) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(7) Grant such other relief as the Court may deem just and proper.

Date: October 30, 2012

Respectfully submitted,

_____
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*